(Nos. 33656, 33657, 33658.—

FRANK REIDELBERGER, SR., *et al.,* Appellants, *vs.* BI-STATE DEVELOPMENT AGENCY *et al.,* Appellees.—THE CITY OF VENICE, Appellant, *vs.* Same Appellees.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* Same Appellees.

*Opinion filed March 22, 1956.*

Fred P. Schuman, State's Attorney, of Edwardsville, F. Edmond Cook, of Madison, and Harry E. Hartman, of Granite City, for appellants.

Henry Driemeyer, of East St. Louis, J. F. Schlafly, Jr., and George D. Burroughs, of Edwardsville, (Pope & Driemeyer, Verlie, Eastman, Schlafly & Godfrey, and Burroughs, Simpson & Burroughs, of counsel,) for appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

Three separate actions were brought in the circuit court of Madison County against the Bi-State Development Agency, each challenging its right to purchase a certain bridge over the Mississippi River between Venice, Illinois, and St. Louis, Missouri, and to lease the same back to certain railroads pursuant to contract. In each case the court dismissed the complaint for lack of jurisdiction, and the plaintiffs appeal to this court. The cases have been consolidated for consideration here.

The Bi-State Development Agency is a corporation created by a compact between Illinois and Missouri for the purpose, *inter alia,* of constructing and operating bridges. The commissioners of the Agency entered into an agreement with a group of railroads whereby the Agency was to purchase the "McKinley Bridge" and lease back to the railroads the railroad facilities of the bridge. Shortly thereafter the State's Attorney of Madison County filed a complaint in *quo warranto,* asking the court to determine that the compact creating the Agency is unconstitutional and void and that the Agency has no legal existence, or, in the alternative, that the Agency does not have power under the compact to purchase the bridge. A few days later the city of Venice filed suit for a declaratory judgment that the Agency was without power to purchase the bridge and lease it to private railroads. The third suit, brought by certain taxpayers, sought a permanent injunction to obtain essentially the same relief requested in the other actions.

In each case the defendants filed a motion to dismiss, assigning various grounds including lack of jurisdiction of the court. The court found that the validity and meaning of compacts entered into between States and consented to by Congress are Federal questions over which the Federal courts alone have jurisdiction, and the complaints were dismissed. The judgments dismissing the complaints further recited that "The Court having determined that it is without jurisdiction to hear and determine the matters involved herein, the Court does not attempt to answer or pass upon or decide the other questions raised by the complaint and submitted to the Court, by the respective parties, as questions involved herein."

Plaintiffs insist the circuit court had jurisdiction of the subject matter of the suits; that the assent of Congress to the compact does not make it a law of the United States; and that even if its interpretation involved a Federal question the circuit court nevertheless would have jurisdiction.

We agree. There is nothing in the compact clause of the United States constitution (U.S. Const., art. 1, sec. 10) that purports to govern the jurisdiction of courts; and the law is clear that in the absence of constitutional or statutory provisions limiting jurisdiction to Federal courts, State courts have authority to enforce rights under the constitution or statutes of the United States. (14 Am. Jur. 440, Courts, sec. 247; 21 C.J.S. 798, Courts, sec. 526.) Indeed, the defendants no longer urge their jurisdictional claim. They now argue that the judgment should be sustained on other grounds specified in their motion to dismiss, despite the fact that the trial court expressly declined to pass upon them. They even urge that "this court should affirm the judgments appealed from because of appellants' failure to assign error or advance any reason why the judgments appealed from were not correct notwithstanding possible doubt of the correctness of the reasoning of the court." We cannot accede to such a proposal. It is true, as defendants contend, that reviewing courts are concerned with the result and not with the reason, and that if a trial court makes a correct ruling but assigns an incorrect reason its judgment will not be reversed. But this rule cannot be utilized, under the circumstances shown here, to invoke this court's determination of questions upon which the trial court expressly refused to pass, because the trial court agreed with defendants' contention that he lacked jurisdiction.

The circuit court erred in holding that it had no jurisdiction. Since the court did not consider the other grounds presented, the judgment must be reversed and the cause remanded with directions to consider and pass upon the remaining questions raised by the motion to dismiss.

*Reversed and remanded, with directions.*