REDMANN, Judge.
From summary judgment against Dixieland Auto Sales, Inc. and its president George Vulevich, Jr. in solido for the minimum statutory penalty of $1,500 for reducing the mileage on an automobile odometer, 15 U.S.C. 1984, plaintiff appeals, seeking *617 attorney’s fees and the full $1,500 from each of those two defendants. (Bailey Lincoln/Mercury is not here involved.) We affirm.
15 U.S.C. 1989(a) provides:
Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—
1. three times the amount of actual damages sustained or $1,500, whichever is the greater; and
2. in the ease of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court. [Emphasis added.]
The statute’s provision is that any violator “shall be liable in an amount equal to the sum of” (1) the $1,500 minimum plus (2) in the event of a successful action, costs and reasonable attorney’s fees. We first reason that the words “shall be liable” do not exclude solidary, or joint and several, liability. A judgment decreeing solidary liability for $1,500 is a judgment decreeing liability for the full $1,500. We second observe that the same imposition of liability applies to costs and attorney’s fees, and no reason is suggested by plaintiff or by our own imagination for a federal statute to impose multiple recovery of out-of-pocket court costs, varying from state to state, as an added penalty to each of multiple defendants, and as an added enrichment to a plaintiff beyond treble damages. Third, we agree with the observations of Duval v. Midwest Auto City, Inc., D.C.Neb.1977, 425 F.Supp. 1381, that the further elements of the statutory scheme of control of the evil, including $1,000 civil penalties to the United States for each violation, criminal penalties, administrative proceedings and injunc-tive relief, speak against a construction of § 1989 inconsistent with the basic tort damage theory that joint tortfeasors’ liability is joint and several (or solidary, La. C.C. 2324) and a payment by one decreases the other’s liability (see La. C.C. 2091). We therefore affirm the trial court’s imposition of liability in solido.
Attorney’s fees are expressly provided by the statute “in the case of any successful action”. But this action was not “successful” within the meaning of the statute. This action was fruitless and the attorney’s fees for it were unnecessarily incurred. Before the action was filed, Vule-vich conceded liability and offered to pay the full $1,500 penalty for which he is held liable. Plaintiff’s counsel wrote to defendant’s counsel:
I do not see how you arrive at $1,500 being the maximum liability ... I don’t know how you can determine what your client’s liability might be in the absence of litigation. ... In addition, your client would have to pay attorney’s fees and court costs, considerably increasing the award. Furthermore, my client considers $1,500 as being merely a bribe to release your client from criminal liability, which he rejects completely and totally.
We conclude that an automobile buyer who is tendered the full statutory penalty of the greater of triple actual damages or $1,500 before an action for those damages is filed may not insist on filing an action in order to obtain attorney’s fees and costs. At the time of the tender the attorney’s fees are not owed under the statute because at that time there has been no action and thus no “successful action”. Accordingly the tender is of payment in full of all that defendant owes. If, after accepting the tender, a plaintiff sues only for the attorney’s fees he should fail because he was not owed fees prior to his action and in any case his action would not be an “action to enforce the foregoing [triple damage or $1,500] liability”. If after rejecting the tender in full because plaintiff believes himself entitled to a greater penalty or to multiple penalties, a plaintiff sues and obtains a judgment for the amount previously offered, his action has not been “successful” within the meaning of the statute because he has gained nothing by it. The statute cannot reasonably be interpreted to deem “successful”, and thus foster by obliging a violator to pay attorney’s fees and costs of, *618 unnecessary and fruitless civil actions in court systems already clogged nationwide.
Affirmed.