Jane BOLTON, Appellant,

v.

TYLER LINCOLN–MERCURY, INC., Appellee.

No. 78–1591

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

John S. Ament, III, Jacksonville, Tex., for appellant.

Sammons & Parker, Mary E. Endres, Martin Z. Sammons, Jr., Tyler, Tex., for appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

On October 11, 1976, appellant purchased a used 1976 Lincoln automobile from defendant for $10,849. The odometer showed 12,250 miles. The disclosure certificate made by the prior owner stated that the odometer reading of 12,089 miles was correct. The appellant subsequently found a service sticker on the car which showed the car had traveled more than 29,000 miles when serviced. She filed this lawsuit for damages pursuant to 15 U.S.C. §§ 1988 and 1989, claiming that the defendant either altered the odometer or knew it had been altered and fraudulently failed to make a disclosure to appellant.

At the jury trial, the appellant produced testimony by the serviceman who had put the sticker on the car that in August, 1976, the car had more than 29,000 miles on it. Defendant's sales manager testified by deposition that defendant's records showed the car had been sold to the prior owner on September 17, 1975, and was serviced on October 2, 1975, with 1,404 miles on the odometer. He was aware that the owner drove between Houston and Kansas City "quite a bit". Appellant showed additional service records by defendant that they had serviced the car on October 17 and November 10, 1975; the odometer read 2,695 miles and 4,301 miles, respectively. A defense witness testified that he had inspected the car before transferring it to appellant, that he had no reason to believe the odometer reading was not correct, and that he did not see the service sticker.

Defense motions for an instructed verdict were denied at the close of appellant's evidence and at the close of all evidence. The jury found for appellant with $3,000 damages. However, that amount would be trebled under 15 U.S.C., Section 1989. Defendant's motion for judgment n. o. v. was granted on February 3, 1978. The Court held that appellant had failed to present "any substantial evidence as to intent to defraud and any substantial knowledge that defendant had actual knowledge" that the odometer reading was not correct. The Court stated, "actual knowledge is necessary to support an inference of intent to defraud . . ." and "the failure of a transferor to use reasonable diligence" is not sufficient to support an inference of intent to defraud.

Since the District Court's ruling, this Court has decided *Nieto v. Pence*, 5 Cir., 1978, 578 F.2d 640. In that case the District Court held that actual knowledge of an inaccurate odometer reading was required for liability. This Court reversed, holding:

> . . . that a transferor who lacked actual knowledge may still be found to have intended to defraud and thus may be civilly liable for failure to disclose that a vehicle's actual mileage is unknown. A transferor may not close his eyes to the truth. If a transferor reasonably should have known that a vehicle's odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded, a court may infer that he understood the risk of such an occurrence. 578 F.2d 642.

Therefore, the judgment below is vacated and the cause is remanded for reconsideration and such action as is thereupon appropriate in the light of *Neito, supra.*

VACATED and REMANDED.