PEOPLES GAS LIGHT & COKE COMPANY, Plaintiff-Appellant, v. BLACK STEER PROVISION COMPANY *et al.*, Defendants-Appellees.

First District (2nd Division)  No. 84—1062

Opinion filed March 5, 1985.

Wexler & Heller, Ltd., of Chicago (Paul M. Heller, of counsel), for appellant.

Ash, Anos, Freedman & Logan, of Chicago (George J. Anos and Lawrence M. Freedman, of counsel), for appellees.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Peoples Gas Light and Coke Company, filed suit against Black Steer Provision Company (hereafter BSP), George Varvaroutsos and Louis Kostodoulous (hereafter codefendant) in order to recover $335.06 which was allegedly due and owing for natural gas service

supplied to certain property located at 5112 North Lincoln Avenue in Chicago. After a bench trial, the court entered judgment in favor of plaintiff and against codefendant. At the same time, the trial court ruled that BSP and Varvaroutsos (hereafter defendants) were not liable to plaintiff for the gas services rendered, and therefore, they were dismissed. Subsequently, defendants filed a petition pursuant to section 2—611 of the Illinois Code of Civil Procedure in order to recover attorney fees and costs because of false or untrue pleading by plaintiff. (Ill. Rev. Stat. 1983, ch. 110, par. 2—611.) Plaintiff filed a response with an accompanying affidavit, and, after a hearing on the motion, the trial court entered judgment against plaintiff in the amount of $625 plus $8 in costs. Plaintiff appeals from this latter judgment, contending that the trial court erred in imposing sanctions since actions pursuant to section 2—611 can be invoked only in factual situations falling strictly within the statute's terms and because plaintiff's attorneys acted with an honest and reasonable belief that the allegations in the second amended complaint were true.

Plaintiff filed its initial complaint on April 23, 1981. That complaint alleged that plaintiff had supplied natural gas to the above-described premises as agreed and that because of this defendants and codefendant became indebted to plaintiff in the sum of $355.06. Attached to the complaint was an initial statement which was issued on March 16, 1983, indicating that codefendant was the owner of the property. However, the statement also indicated that the location to which the service was provided was occupied by defendants.

On May 11, 1981, plaintiff filed an amended complaint, which made the same allegations. On that date defendants' appearance was filed. Codefendant was served with an alias summons on December 23, 1981, and he filed his appearance on January 7, 1982. The trial court entered judgment in the amount of $355.06 plus costs against codefendant. However, the court also found that BSP had no liability to plaintiff; Varvaroutsos was dismissed at the end of plaintiff's case in chief on his motion.

On February 21, 1984, defendants filed a motion to recover attorney fees and costs pursuant to section 2—611. That motion alleged that on January 25, 1984, the trial court conducted a bench trial; that prior to trial, counsel for defendants showed a bill for final service issued by plaintiff and also evidence of BSP's payment to counsel for plaintiff and its expert witness; that defense counsel then indicated to plaintiff's counsel that Varvaroutsos had no liability whatsoever since he was never a customer of plaintiff's and that the BSP had no liability since it had ordered a final reading and paid its final statement;

that prior to trial plaintiff's counsel denied a request that plaintiff voluntarily dismiss defendants notwithstanding their lack of liability; that plaintiff's counsel wrongfully refused the offer, claiming that either they or codefendant was liable for the gas service and under such circumstances plaintiff preferred that defendants "fight it out" among themselves; that the trial of this cause resulted in the court's finding of no liability in favor of BSP; that the trial court also granted Varvaroutsos' motion for entry of judgment at the close of plaintiff's case, concluding that plaintiff's allegations against him were made without basis; and that because of this, defendants were entitled to recover from plaintiff payment of reasonable expenses actually incurred by them by reason of the untrue pleading together with reasonable attorney fees. The petition for fees then made the assertion that the attorney fees incurred by defendants were in excess of $625 plus costs of $8. This petition was verified by one of the attorneys for the defendants. The petition also included an affidavit by attorney James L. Glass, Jr., which supported the above-outlined allegations.

Plaintiff filed a response to the motion for fees and costs stating that defendants were plaintiff's customers of record; that their names were on all of plaintiff's account records; that the gas services were rendered in their names; that all bills were sent to them at 848 West Fulton, which was the address for George Varvaroutsos; and that, since the defendants were plaintiff's customers of record at all times during the period in question, plaintiff had reasonable cause to name them in its complaint. In addition to the response, plaintiff filed an affidavit by Paul M. Heller. That affidavit stated that the affiant was a member of the law firm of Wexler and Heller, Ltd.; that he was the principal litigation attorney at that particular firm and participated in the preparation and filing of the lawsuit; that defendants were named because plaintiff's records showed them to be the named or designated customers; that plaintiff's records reflected that on December 5, 1980, account No. 470271—05403 was set up at the defendants' request; that these records further indicated that service was terminated on February 13, 1981, at the customer's request; that an amount of $355.06 remained due and owing on that account; that company records also indicated that codefendant was owner of the property but did not contain any information as to who was responsible for the gas services rendered; that, although defendants' attorney did request dismissal of his clients from the case, codefendant maintained that defendants were liable; that because of this plaintiff had no other alternative but to let the three "fight it out" in court and allow the trial court to determine the responsible party; and that, at

the time they were made, plaintiff's allegations were true and correct according to the knowledge of plaintiff and affiant. After hearing the arguments of counsel, the trial court stated:

"It appears to me, gentlemen, that on the basis of the arguments and the evidence that you have presented here in your affidavits and in the documents that appear before me at this time, this is a situation in which the plaintiff did not know who its proper party should be, is a situation where the plaintiff should have known what its proper parties should be and I am going to enter judgment for fees of $625 as shown by these documents that have been presented for the time spent and costs in this matter."

■ As stated above, plaintiff contends that the trial court erred in imposing sanctions pursuant to section 2—611, since that section can be invoked only in situations falling directly within the terms of that particular provision and since plaintiff's attorneys acted with an honest and reasonable belief that the allegations in the second amended complaint were true. We are in agreement with this contention.

Section 2—611 of the Illinois Code of Civil Procedure states, in part, as follows:

"Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal." (Ill. Rev. Stat. 1983, ch. 110, par. 2—611.)

This provision has been viewed as an attempt to prevent litigants from being harassed by spurious litigation. (See generally *Diver v. Village of Glencoe* (1978), 63 Ill. App. 3d 591, 599, 379 N.E.2d 1214.) However, this section is also penal in nature and, thus, may be invoked only in cases falling strictly within its terms and each of its requirements. (*Third Establishment, Inc. v. 1931 North Park Apartments* (1981), 93 Ill. App. 3d 234, 243, 417 N.E.2d 167.) In order for a movant to prevail under section 2—611, he must prove that the allegations contained in the pleading were false and that the pleader did not have reasonable cause to believe the allegations were true when he made them. (*Himco Systems, Inc. v. Marquette Electronics, Inc.* (1980), 86 Ill. App. 3d 476, 481, 407 N.E.2d 1013.) In *Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 1005, 431 N.E.2d 1364, this court stated:

"It is not sufficient that the facts are ultimately adverse to the pleadings as set forth in the trial court. It must be demonstrated not only that certain allegations are untrue but that the person against whom the sanction is sought knew them to be untrue at the time they were made."

Section 2—611 was never intended to penalize an attorney or client for an honest mistake, but only to prohibit litigation without legal foundation. (See generally *Dudanas v. Plate* (1976), 44 Ill. App. 3d 901, 910, 358 N.E.2d 1171.) Attorneys are presumed to have due regard for their responsibility as officers of the court, and, accordingly, they are allowed to exercise broad discretion based upon an honest judgment from the facts presented to them. *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 366, 383 N.E.2d 185.

While the party seeking sanctions under section 2—611 has the burden of proof as to both elements, the party opposing the motion does not have to present any evidence as to the truthfulness or reasonableness of the allegations until the movant has sustained his burden of proof. (*Horween v. Dubner* (1965), 68 Ill. App. 2d 309, 319-20, 216 N.E.2d 288.) The granting of a motion under section 2—611 is within the sound discretion of the trial court; however, if there is a demonstration of an abuse of discretion, the trial court's determination will be reversed on review. See generally *Himco Systems v. Marquette Electronics, Inc.* (1980), 86 Ill. App. 3d 476, 407 N.E.2d 1013.

The affidavit by plaintiff's counsel indicated that plaintiff named defendants because they were its customers of record. Plaintiff's own business records indicated that a new account had been established in the name of defendants on December 5, 1980; that gas service had been rendered on that account from December 5, 1980, to February 13, 1981; and that all bills were mailed to these defendants at their request at 848 West Fulton Street, Chicago. Those records also indicated that an amount of $355.06 remained due and owing at the time of termination of that account and that a final bill was sent to the defendants but was never paid.

Defendants did not offer any evidence to rebut or contradict the affidavit of plaintiff's principal attorney. Defendants failed to present any evidence, either by testimony or affidavit, that the allegations contained in plaintiff's complaints were untrue or that plaintiff lacked reasonable cause to believe that such allegations were true when made. Defendants' petition for fees merely makes the conclusional statement that plaintiff made untrue allegations in its complaint.

In the trial court, defendants chose to rely upon the affidavit and argument of their attorney to the effect that since he notified plain-

tiff's attorney of the fact that defendants' previous gas account had been paid in full, plaintiff's attorney had the duty to voluntarily dismiss defendants. Defendants argue that when plaintiff's attorney refused to dismiss them and proceeded to trial in order to have defendants and codefendant "fight it out" so that liability would be determined by the trial court, plaintiff's attorney violated section 2—611. We feel it evident that just because BSP had paid a final bill on a previous gas account at the same property, such fact did not prohibit the plaintiff from proceeding against that party on a subsequent gas account at the same address. As stated above, plaintiff's records reflected that someone representing himself to be from BSP or Varvaroutsos established the account at that address on December 5, 1980, and terminated the same account on February 13, 1981. In view of such information, we feel that plaintiff's counsel had reasonable cause to believe that the $355.06 balance, which remained due and owing as of the date of termination, was owed by these defendants.

As indicated above, defendants were obligated to demonstrate that plaintiff's counsel knew that the allegations in plaintiff's complaint were untrue at the time the complaint was filed. However, defendants have failed to introduce any proof in this respect. Defendants have also failed to show that such allegations were made without reasonable cause. Consequently, we feel that the trial court abused its discretion when it granted defendants' petition for attorney fees. In *In re Eatherton* (1983), 119 Ill. App. 3d 174, 178, 456 N.E.2d 327, this court reversed a trial court's award of fees and stated:

> "Findings 'that the facts pleaded by the plaintiff were untrue, or that the plaintiff *** knew them to be untrue *** are requisite to relief under section [2—611].' *** In determining whether the plaintiff had reasonable cause, the court must consider what information was available or discoverable at the time the action was initiated."

As indicated above, the only evidence produced at the fee hearing relative to the factors reflecting reasonable cause was the affidavit submitted by plaintiff's principal attorney. That affidavit indicated that plaintiff's complaints were prepared and filed after reviewing plaintiff's business records. Those records included account statements which indicated that defendants were the customers of record for gas account No. 470271—05403, and that they owed a balance of $355.06 for services rendered from December 5, 1980, until February 13, 1981. These records also contained information indicating that the owner, codefendant, may have retaken the property in January 1981. In view of such facts, it is evident that plaintiff's attorneys concluded

that a cause of action should be filed against all three parties because each could possibly be responsible for a portion of the debt based on their period of occupancy.

■ The defendants contend that the award of fees and costs was proper, since even if plaintiff and its counsel acted in good faith in initially joining them as parties in this litigation, plaintiff exhibited bad faith when it wilfully refused to dismiss them after its allegations were shown to be spurious immediately prior to trial. At trial, defendants denied any agreement with plaintiff and also denied receiving any gas service at the property after December 5, 1980. Because of this, defendants claim that the owner of that particular property was liable. However, in a motion to vacate a default judgment entered against codefendant on March 4, 1983, codefendant maintained that he had a meritorious defense to the action in that "he was only the landlord and as such, he is not responsible for the gas consumed by his tenant." This statement obviously implied that defendants were liable for the payment of the gas bills because, as his tenants, they were responsible for all utilities. Under such circumstances, it is apparent to us that the question of who was responsible for payment of the gas bill in question was not only disputed between plaintiff and the defendants but also between the defendants and codefendant. Accordingly, we believe that a trial on the merits was necessary to determine the propriety and truth of each party's respective position. Consequently, under such circumstances, plaintiff had no duty or obligation to accede to defendants' demands for dismissal.

We must further point out that defendants' 2—611 petition is based primarily on plaintiff's refusal to honor demands for dismissal and upon defendants' subsequent victory at trial rather than on any particular claims or irregularities or falsehoods in plaintiff's complaint. It is well established that the courts in this State have always looked with disfavor upon assessing fees against a losing party. See *Third Establishment, Inc. v. 1931 North Park Apartments* (1981), 93 Ill. App. 3d 234, 243, 417 N.E.2d 167.

For the reasons set forth above, the order of the trial court awarding defendants attorney fees plus costs will be reversed.

Reversed.

PERLIN and HARTMAN, JJ., concur.