MYRNA FAYE SKILLING LEVY, Plaintiff and Petitioner-Appellant, v. RAYMOND I. SKILLING, Defendant and Respondent-Appellee.

First District (4th Division)   Nos. 84—128, 84—251, 84—475, 84—1976 cons.

Opinion filed September 12, 1985.

Wayne B. Giampietro and Beverly Susler Parkhurst, both of Chicago (De-Jong, Poltrock & Giampietro, of counsel), for appellant.

Litwin, Jurla & Stein, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This consolidated appeal arises from separate orders of the circuit court of Cook County in a child custody proceeding. Petitioner, Myrna Faye Skilling Levy, (1) petitioned this court for leave to appeal from a temporary order of the trial court awarding custody of her son, Keith, to respondent, Raymond Skilling, which we granted, and (2) appeals from a separate order of the trial court awarding $12,342.50 in attorney fees, contesting the size of the award.

We affirm as modified and remand.

This proceeding was previously before us. *Skilling v. Skilling* (1982), 104 Ill. App. 3d 213, 432 N.E.2d 881, involved child support and attorney fees. In *Skilling*, we discussed the events leading to the present litigation and remanded the cause for further proceedings on those issues.

The record shows that on August 22, 1983, Raymond filed a petition to acquire custody of Keith. At a hearing on the petition, the trial court heard much testimony from many witnesses on whether living with Raymond or Myrna would be in Keith's best interest. On January 9, 1984, the trial court, ruling from the bench, issued a temporary order awarding custody of Keith to Raymond for six months and ordering counseling and psychiatric care for Keith. At the end of the six months, the court would review and re-evaluate its order. The court entered a written order to this effect on January 25, 1985. Myrna filed her petition for leave to appeal on February 18, 1985. She contends that this court should reverse the trial court's order because it is contrary to the manifest weight of the evidence.

The record further shows that on August 7, 1984, the trial court, in a separate order, awarded Myrna $12,342.50 in attorney fees. She filed a separate notice of appeal on August 10, 1985. She contends that the trial court abused its discretion by awarding her less than the full amount of fees she requested, which totaled $35,460.05.

I

■ Section 610 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1983, ch. 40, par. 610) involves the modification of custody judgments. Section 603 of the Act involves the issuance of temporary custody orders (Ill. Rev. Stat. 1983, ch. 40, par. 603). The trial court based its temporary order awarding custody of Keith to Raymond on section 610 of the Act, and both Myrna and Raymond refer to and base their arguments on

section 610. The trial court, however, explicitly stated in its order and elsewhere in the record that its order was temporary, and the court has never issued a final order concerning Keith's custody. An order is temporary or final according to its substance and not its form. (*In re Marriage of Kondos* (1982), 109 Ill. App. 3d 615, 618, 440 N.E.2d 1046, 1048.) The trial court should have applied section 603 of the Act, involving temporary orders, to the facts of this case and, accordingly, we modify the judgment to replace section 610 with section 603 as the applicable law on the issue of Keith's temporary custody to Raymond.

Section 603(a) of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 603(a)) permits a trial court to issue temporary custody orders, after a hearing, on the best interest of the child standard set forth in section 602 of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 602). Section 602 does not require a trial court to make specific findings, but rather to consider all relevant factors, including (1) the wishes of the child's parents as to his custody; (2) the wishes of the child as to his custodian; (3) the interrelationship of the child with his parents, siblings, or any other person who could significantly affect the child's best interest; (4) the child's adjustment to his home, school, and community; (5) the mental and physical health of all persons involved; and (6) the physical violence or threat thereof by the child's potential custodian, whether directed against the child or directed against another person but witnessed by the child. Section 603(a) requires that the record contain sufficient evidence on the specified factors and requires that the court consider all six factors. *In re Marriage of Carlson* (1981), 101 Ill. App. 3d 924, 932, 428 N.E.2d 1005, 1011-12.

■■ Myrna contends that the trial court erred by not including specific findings with its order. Section 603(a) of the Act, however, does not require specific findings to accompany a temporary custody order. (*In re Marriage of Carlson* (1981), 101 Ill. App. 3d 924, 932, 428 N.E.2d 1005, 1011-12.) We hold, therefore, that the trial court did not err by not including specific findings in its temporary order.

■■ Myrna further contends that the trial court's temporary order was contrary to the manifest weight of the evidence. The record shows, however, that the trial court heard evidence that touched on various factors, including those listed in section 602 of the Act. We hold, therefore, that the temporary order of the trial court awarding custody of Keith to Raymond was not contrary to the manifest weight of the evidence.

## II

Myrna also appeals from a separate order of the trial court awarding her attorney fees. Contesting the size of the award, she contends that the trial court abused its discretion by failing to articulate some basis for its reduced award, relying on *In re Marriage of Gardner* (1980), 85 Ill. App. 3d 1004, 1009, 407 N.E.2d 802, 805. Raymond's failure to file an appellee's brief on this issue does not preclude us from considering the matter on review. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

■■ The awarding of attorney fees is within the sound discretion of the trial court and will not be reversed on review unless the court has clearly abused its discretion. (*Knox v. Knox* (1975), 31 Ill. App. 3d 816, 824, 334 N.E.2d 891, 897.) Although Myrna correctly acknowledges this principle, the case on which she relies is distinguishable from the facts of this case. In *Gardner*, the trial court denied attorney fees without a hearing, which both sides requested. (*In re Marriage of Gardner* (1980), 85 Ill. App. 3d 1004, 1008-09.) In the case at bar, both sides submitted written documents in support of their claims, and both sides could have had a hearing on the matter, but Raymond waived one pursuant to an agreement with Myrna. The trial court considered the evidence before it and ordered an award of fees rather than a denial as in *Gardner*. We hold that the trial court's award of attorney fees to Myrna was not an abuse of discretion.

For the foregoing reasons, the orders of the circuit court of Cook County are affirmed as modified by this opinion, and the cause is remanded for further proceedings so that the court may determine whether Myrna or Raymond will receive permanent custody of Keith.

Affirmed as modified and remanded.

JIGANTI, P.J., and MEJDA, J., concur.