DONALD C. HALL *et al.*, Plaintiffs-Appellees, v. RIVERSIDE LINCOLN MERCURY—SALES, INC., Defendant-Appellant.

Second District   No. 2—85—0290

Opinion filed October 15, 1986.

Nicholas M. Spina, of Chicago, for appellant.

Bruce Goldsmith, of Goldsmith, Thelin, Schiller & Dickson, of Aurora, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendant, Riverside Lincoln Mercury—Sales, Inc., appeals from a partial summary judgment granted to plaintiffs, Donald and Reba Hall, in their suit against defendant alleging a violation of Federal odometer requirements (15 U.S.C. sec. 1981 *et seq.* (1982)), fraud and breach of contract and awarding plaintiffs $4,365 in damages and $1,990.57 in attorney fees. Defendant contends the circuit court (1) lacked jurisdiction, (2) erred in granting partial summary judgment as there remained a genuine issue of material fact, (3) erred in refusing to dismiss plaintiff's fraud and breach of contract counts, and (4) abused its discretion in the award of attorney fees to plaintiffs.

On May 7, 1984, plaintiffs purchased a used 1981 Oldsmobile Cutlass from defendant for $6,500. At that time defendant certified the vehicle's odometer reading of 38,907 was accurate. Plaintiffs later found documentation in the car's glove compartment detailing the complete repair history of the vehicle and showing the car had last been serviced at 50,609 miles. Subsequently, plaintiffs had to have repaired several mechanical problems, including a malfunctioning onboard computer, which cost $190; the catalytic converter, which cost $225; and a wiper motor, which cost $80. As the vehicle's actual mileage exceeded 50,000 miles, a General Motors warranty covering cata-

lytic converters and on-board computers for five years or 50,000 miles had expired.

On August 1, 1984, plaintiffs brought this action against defendant alleging a violation of section 1989(a) of the Motor Vehicle Information and Cost Savings Act (the Act) (15 U.S.C. sec. 1989(a) (1982)) for defendant's failure to disclose the true mileage to plaintiffs, fraud and breach of contract. Defendants answered the complaint and plaintiffs attached to their subsequent motion for summary judgment on the issues of liability and damages an affidavit from Donald Hall attesting to the above facts, the receipts for service discovered in the glove compartment, and an affidavit from Walter Schultz, the prior user of the vehicle, stating the car had actual miles of 59,873 when he returned the vehicle to a California leasing firm on December 29, 1983. In response, defendant submitted an affidavit from its salesman, Kenneth Morgan, stating that Auto Dealers Exchange of Indianapolis, Indiana, had sold the vehicle to defendant and certified the odometer read 38,877, that defendant had no reason to doubt the certification at that time, and that defendant did not know and had no way of knowing the actual mileage was in excess of 38,907 at the time it sold the car to plaintiffs. The trial court granted summary judgment for plaintiffs solely on the issue of liability and denied a motion to dismiss by defendant.

At an evidentiary hearing on damages and the issue of attorney fees, plaintiffs presented receipts for the $495 they had expended in repair costs and an affidavit from Jeffrey Loveland, a bank collections officer, stating the difference between the certified mileage and the true mileage of the vehicle reduced the worth of the car by $1,000. Based on this evidence and the treble damages provision of 15 U.S.C. sec. 1989(a)(1) (1982), the court awarded plaintiffs $4,365 in damages. The only evidence offered by the parties regarding plaintiffs' attorney fees was an affidavit from plaintiffs' attorney stating he had expended 20¾ hours on the case, his usual hourly rate was $80 for routine matters and $100 for complex matters and major litigation, and the usual charge for attorneys in the community ranged from $75 to $125 per hour. Based upon this evidence, the court awarded $1,900 in attorney fees, in accordance with section 1989(a)(2) of the Act. This appeal followed.

■■ Defendant first contends the circuit court lacked jurisdiction to hear count I of plaintiffs' complaint because the claim was based upon a Federal statute. Section 1989(b) of the Motor Vehicle Information and Cost Savings Act provides:

"An action to enforce any liability created under subsection (a)

of this section, may be brought in a United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction within two years from the date on which the liability arises." (15 U.S.C. sec. 1989(b) (1982).)

Defendant argues the Illinois courts have not considered an action based on the Motor Vehicle Information and Cost Savings Act and the present action should have been brought in Federal district court. We do not agree.

The circuit courts of Illinois "have original jurisdiction of all justiciable matters" (Ill. Const. 1970, art. VI, sec. 9; *Skilling v. Skilling* (1982), 104 Ill. App. 3d 213, 219, 432 N.E.2d 881, *aff'd as modified and remanded* (1985), 136 Ill. App. 3d 727, 483 N.E.2d 917; *In Interest of Vaught* (1981), 103 Ill. App. 3d 802, 803, 431 N.E.2d 1231), and Illinois courts recognize the general principle that State courts have concurrent jurisdiction with Federal courts where Congress has not demonstrated an intent to reserve exclusive jurisdiction to the Federal courts (*Reidelberger v. Bi-State Development Agency* (1956), 8 Ill. 2d 121, 124, 133 N.E.2d 272; *Ninth Liberty Loan Corp. v. Hardy* (1977), 53 Ill. App. 3d 601, 605, 368 N.E.2d 971). Accordingly, actions premised upon Federal statutory schemes have been entertained in the Illinois courts in the absence of a statutory provision limiting jurisdiction to the Federal courts. See *Reidelberger v. Bi-State Development Agency* (1956), 8 Ill. 2d 121, 124, 133 N.E.2d 272; *Regan v. Kroger Grocery & Baking Co.* (1944), 386 Ill. 284, 293, 54 N.E.2d 210; *Ninth Liberty Loan Corp. v. Hardy* (1977), 53 Ill. App. 3d 601, 605-06, 368 N.E.2d 971; *Alberty v. Daniel* (1974), 25 Ill. App. 3d 291, 295, 323 N.E.2d 110.

The Illinois courts have not previously considered this jurisdictional policy in relation to the Federal claim raised under section 1989(a) of the Act. (See *People ex rel. Scott v. Larance* (1982), 105 Ill. App. 3d 171, 434 N.E.2d 5.) However, other jurisdictions have addressed this issue and held that section 1989(b) evinces a congressional intent to allow the filing of suits based upon the Act in State courts. (*Osage Homestead, Inc. v. Sutphin* (Mo. App. 1983), 657 S.W.2d 346, 353; *Vogt v. Nelson* (1975), 69 Wis. 2d 125, 126-27, 230 N.W.2d 123, 124.) We also note that the courts of numerous other States have heard claims based upon the Act without questioning the propriety of their exercise of jurisdiction. *Wheeler v. Friendly Motors, Inc.* (1976), 138 Ga. App. 260, 226 S.E.2d 95; *Don Medow Motors, Inc. v. Grauman* (Ind. App. 1983), 446 N.E.2d 651; *Rasmussen Buick-GMC, Inc. v. Roach* (Ia. 1982), 314 N.W.2d 374; *Levine v. Parks Chevrolet, Inc.* (1985), 76 N.C. App. 44, 331 S.E.2d 747; *Shep-*

*herd v. Eagle Lincoln Mercury, Inc.* (Tex. Civ. App. 1976), 536 S.W.2d 92; *Harden v. Gregory Motors* (Wyo. 1985), 697 P.2d 283.

■ Absent any indication of a congressional intent to limit jurisdiction of claims under the Motor Vehicle Information and Cost Savings Act to Federal courts and our policy of recognizing concurrent jurisdiction in such instances, we conclude that the circuit court did not lack jurisdiction to hear plaintiffs' count based upon section 1989(a) of the Act (15 U.S.C. sec. 1989(a) (1982).

■ Next, defendant contends the circuit court erred in granting partial summary judgment in favor of plaintiffs on their cause of action based upon the Act because there remained a genuine issue of material fact as to defendant's intent to defraud plaintiffs. The Act provides:

"Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of *** three times the amount of actual damages sustained or $1,500, whichever is the greater ***." 15 U.S.C. sec. 1989(a)(1) (1984).

Summary judgment should be granted only if the pleadings, affidavits, and depositions on file reveal that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. (*In re Estate of Whittington* (1985), 107 Ill. 2d 169, 176-77, 483 N.E.2d 210, *cert. denied* (1986), 475 U.S. 1016, 89 L. Ed. 2d 313, 106 S. Ct. 1199; *Murphy v. Urso* (1981), 88 Ill. 2d 444, 463-64, 430 N.E.2d 1079; *Kroll v. Sugar Supply Corp.* (1983) 116 Ill. App. 3d 969, 975, 452 N.E.2d 649, *appeal denied* (1983), 96 Ill. 2d 560.) All well-pleaded uncontradicted facts contained in a movant's affidavit will be taken as true for purposes of ruling on a motion for summary judgment. *Heller v. Goss* (1980), 80 Ill. App. 3d 716, 719, 400 N.E.2d 70; *Ohio Oil Co. v. Yacktman* (1976), 36 Ill. App. 3d 255, 261, 343 N.E.2d 544.

Defendant argues that section 1989(a) requires a finding of an actual intent to defraud and therefore a genuine issue of fact remains. However, only one Federal court considering the question has agreed with defendant that an individual is civilly liable under section 1989(a) only if he had actual knowledge the odometer reading was incorrect. (*Mataya v. Behm Motors, Inc.* (E.D. Wis. 1976), 409 F. Supp. 65, 69.) Other Federal courts have held that an intent to defraud on the part of the transferor may be inferred from a finding of gross negligence or reckless disregard of facts that would have informed him the reading was incorrect (*Tusa v. Omaha Auto Auction, Inc.* (8th Cir. 1983), 712 F.2d 1248, 1253-54 (dealer ignored clear alteration of mileage fig-

ure on title); *Kantorczyk v. New Stanton Auto Auction, Inc.* (W.D. Pa. 1977), 433 F. Supp. 889, 893 (dealer routinely prepared odometer statements solely on the basis of the odometer readings); *Jones v. Fenton Ford, Inc.* (D. Conn. 1977), 427 F. Supp. 1328, 1335 (dealer said odometer reading was accurate "to the best of his knowledge" although file on auto was incomplete); *Pepp v. Superior Pontiac GMC, Inc.* (E.D. La. 1976), 412 F. Supp. 1053, 1055; *Clayton v. Mc-Cary* (N.D. Ohio 1976), 426 F. Supp. 248, 258), or have predicated liability on a theory of constructive knowledge (*Leach v. Bishop Brothers Auto Auction, Inc.* (5th Cir. 1980), 624 F.2d 34, 35 (transferor told dealer that eight-year-old car had 134,177 miles rather than 33,796 miles as certified by prior owner); *Nieto v. Pence* (5th Cir. 1978), 578 F.2d 640, 642; *Duval v. Midwest Auto City, Inc.* (D. Neb. 1977), 425 F. Supp. 1381, 1387 (dealer knew and approved of practice of disregarding odometer problems, such as illegible odometer reading on certificate of title); *Stier v. Park Pontiac, Inc.* (S.D. W.Va. 1975), 391 F. Supp. 397, 401.)

In accord with these rulings, we hold that under section 1989(a) of the Motor Vehicle Information and Cost Savings Act (15 U.S.C. sec. 1989(a) (1982)), an intent to defraud on the part of the transferor may be inferred from a showing of gross negligence or of a reckless disregard of facts indicating the vehicle's odometer is incorrect.

Here, defendant dealer sold a car to plaintiffs and certified the vehicle's odometer reading of 38,907 was accurate. Plaintiffs subsequently found documents in the glove compartment showing that the vehicle's actual mileage was over 50,000. In reply defendant submitted an affidavit from its salesman stating defendant had purchased the vehicle from an Indiana auto dealer who had certified the mileage was correct, that defendant had no reason to doubt the certification, and that defendant did not know and had no way of knowing the actual mileage was in excess of 38,907 at the time plaintiffs purchased the car.

In a strikingly similar case, the United States Court of Appeals for the Fifth Circuit held in *Bolton v. Tyler Lincoln-Mercury, Inc.* (5th Cir. 1979), 587 F.2d 796, that an intent to defraud on the part of a dealer may be inferred where a plaintiff who purchased a car with an odometer reading of 12,089 later discovered a service sticker showing the vehicle's mileage was 29,000 miles. The dealer in that case testified he had inspected the car, did not see the sticker and had had no reason to believe the odometer reading was incorrect. Nevertheless, the court found the dealer could reasonably have known the vehicle's odometer reading was incorrect and, accordingly, reversed a

judgment *n.o.v.* in favor of the dealer and remanded the cause for reconsideration and appropriate action.

■ In view of *Bolton*, we hold that an intent to defraud on the part of defendant may be inferred from the existence of documents in the vehicle's glove compartment which clearly refute the vehicle's odometer reading. It is not unreasonable to expect an automobile dealer to review the service history of a vehicle, which is customarily located in the glove compartment, in order to ensure that information he may have received concerning the condition of the car is accurate and up-to-date. Defendant cannot shield itself from civil liability under 15 U.S.C. 1989(a) (1982) through its gross negligence in failing to locate and examine those documents in this case.

Nor does the conclusory language contained within the affidavit submitted by defendant's salesman give rise to a genuine issue of material fact. It is the unreasonable failure of defendant to locate the service documents which demonstrate an intent to defraud and is the crux of its liability under the Act. Therefore, we find the circuit court did nor err in granting summary judgment to plaintiffs on their count based upon section 1989(a) of the Motor Vehicle Information and Cost Savings Act.

■ Defendant also contends that the trial court abused its discretion in the award of attorney fees to plaintiffs' counsel. Section 1989(a)(2) of the Act provides:

> "Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable *** in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court." (15 U.S.C. 1989(a)(2) (1982).)

An award of attorney fees pursuant to this provision is within the sound discretion of the trial court. *Hathcock v. G & M Builders, Inc.* (5th Cir. 1979), 601 F.2d 846, 851.

Defendant first argues that where an action based on the Act ends in the entry of a summary judgment in plaintiffs' favor, the action is not "successful" within the meaning of section 1989(a)(2) and plaintiff therefore may not recover attorney fees, citing *Chapotel v. Bailey Lincoln/Mercury, Inc.* (La. App. 1978), 355 So. 2d 615, in support. In that case, the defendant had conceded liability prior to the filing of the action and offered to pay the full $1,500 penalty. Plaintiff refused to accept the settlement and was ultimately awarded $1,500 on a motion for summary judgment. However, an award of attorney fees pursuant to section 1989(a)(2) was denied plaintiff because he had unnecessarily incurred the fees. 355 So. 2d 615, 617.

We do not agree with defendant's assertion that *Chapotel* stands for the general proposition that attorney fees may not be awarded in the context of a summary judgment proceeding premised upon the Act. Here, plaintiffs were not offered a full settlement prior to bringing suit against defendants, and therefore *Chapotel* is inapposite.

Defendant also argues the award of attorney fees was excessive. The court awarded plaintiffs $1,900 in attorney fees after their counsel submitted an affidavit stating he had expended 20¾ hours on the case and his hourly rate was $80 for routine matters and $100 for complex matters and major litigation. Defendant asserts the award, which amounted to approximately $91 per hour, was excessive in the absence of an allegation that a portion of the attorney's time was spent on complex matters.

■ An award of attorney fees is within the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion. (*Precision Components, Inc. v. Kapco Communications* (1985), 131 Ill. App. 3d 555, 558, 475 N.E.2d 1071; *Peoples Gas Light & Coke Co. v. Black Steer Provision Co.* (1985), 131 Ill. App. 3d 387, 391, 475 N.E.2d 1012.) Further, mandatory attorney fees are a necessary part of the Act, as few attorneys would otherwise actively pursue cases under the Act given the likelihood of small damages awards (*Duval v. Midwest Auto City, Inc.* (8th Cir. 1978), 578 F.2d 721, 726), and the courts have therefore not hesitated to award substantial attorney fees where appropriate (*Tusa v. Omaha Auto Auction, Inc.* (8th Cir. 1983), 712 F.2d 1248, 1256 ($8,000 attorney fees awarded with $1,500 damage award); *Duval v. Midwest Auto City, Inc.* (8th Cir. 1978), 578 F.2d 721, 726-27 (over $14,000 in attorney fees awarded with $3,960 damage award).

■ Here, the court based its award of attorney fees on an affidavit submitted by plaintiffs' attorney and defendant did not offer evidence to contradict the reasonableness of his fees. We cannot say the court's award of $1,900 in attorney fees where plaintiffs were awarded $4,365 in damages is so excessive as to amount to an abuse of discretion.

Accordingly, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

STROUSE and WOODWARD, JJ., concur.