OTTO FRANKENBUSH, INC., Plaintiff, v. BRULE C. E. & E., INC., d/b/a Brule Incinerator Corporation, Defendant-Appellant (Jeffrey F. Firestone, Appellee).

First District (3rd Division)   No. 1—89—0904

Opinion filed June 27, 1990.

Paul Parker, of Chicago, for appellants.

Lawrence M. Liebman and Ruth P. Walz, both of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Defendant-appellant, Brule C. E. & E., Inc., d/b/a Brule Incinerator (Brule), appeals from an order of the circuit court of Cook County which denied its motion for sanctions against appellee Jeffrey Firestone (Firestone), attorney for plaintiff Otto Frankenbush, Inc. (Frankenbush), pursuant to section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). We affirm.

In October 1988, Firestone filed a lawsuit on behalf of Frankenbush against Brule which alleged that Frankenbush rendered services and/or sold and delivered goods, wares and merchandise to Brule. The complaint further alleged that as a result, Brule owed Frankenbush $1,615.04 which remained unpaid. However, unbeknownst to Firestone, Brule had in fact mailed a check to Frankenbush for the entire amount on August 31, 1988. The check was cashed and cleared by Frankenbush's bank on September 28, 1988. When Brule received the summons and complaint in this matter, it contacted Firestone as the attorney for Frankenbush and informed him that the account had been paid in full. Frankenbush also informed Firestone that the account had been settled and that he should dismiss the lawsuit.

However, Firestone did not dismiss the lawsuit prior to the return date on the complaint and, as a result, a default judgment was entered against Brule on November 29, 1988. Two days later on December 1, 1988, Firestone filed a release and satisfaction of judgment with the court. Thereafter, on December 29, 1988, Brule filed a motion to vacate the *ex parte* default judgment against it. Following a hearing and with the agreement of Firestone, the judgment was vacated that same day. On January 9, 1989, the court granted the parties' stipulated motion to dismiss the action. In February 1989, Brule filed a motion for sanctions against Firestone pursuant to section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat.

1987, ch. 110, par. 2—611.) Following a hearing, the court denied Brule's motion. This appeal followed.

Section 2—611 of the Illinois Code of Civil Procedure provides in pertinent part:

"The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

■ Because of the penal nature of this paragraph providing for assessment of attorney fees against a party making unfounded allegations, this paragraph must be strictly construed; each of its requirements must be proved, and the burden of proof is on the party seeking the remedy offered. (*In re Eatherton* (1983), 119 Ill. App. 3d 174, 177-78, 456 N.E.2d 327, 330.) The statute governing the grant of attorney fees and costs due to untrue pleading was never intended to penalize an attorney or client for an honest mistake, but only to prohibit litigation without legal foundation. *Peoples Gas Light & Coke Co. v. Black Steer Provision Co.* (1985), 131 Ill. App. 3d 387, 391, 475 N.E.2d 1012, 1016.

■ In the present case, the trial court found that "[r]ule 2—611 deals with intentionally or through neglect allowing false pleadings to be filed. I don't think that's the circumstance here." Application of section 2—611 to the present case leads us to conclude that the trial court ruled correctly. The record reveals that at the time that Firestone filed the complaint against Brule, he had reason to believe that its allegations were true. Brule has failed to satisfy its burden to prove that Firestone either knew or should have known that the payment had been made on the account before he filed suit. Because Firestone's filing of the lawsuit after payment had been made was

due to mistake, his actions did not violate the provisions of section 2—611. We therefore conclude that the trial court did not err in denying Brule's motion for section 2—611 sanctions against Firestone.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CERDA, P.J., and WHITE, J., concur.