BERNARD A. HEEREY, Plaintiff-Appellee, v. JOSEPH BERKE *et al.*, Defendants (Bank of Ravenswood, as Trustee, *et al.*, Appellants).

First District (1st Division)   No. 1—90—2171

Opinion filed January 27, 1992.

Steven R. Dobrofsky, of Chicago, for appellants.

Nathaniel I. Grey, P.C., of Chicago (Mary Kay Morrissey, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Louis Wolf and the Bank of Ravenswood (Bank) successfully moved to dismiss an action by Bernard Heerey in which Heerey challenged construction of three buildings at the southeast corner of State and Division Streets in Chicago. We affirmed that dismissal in *Heerey v. Berke* (1989), 179 Ill. App. 3d 927, 534 N.E.2d 1227, *appeal denied* (1989), 126 Ill. 2d 559, 541 N.E.2d 1106. Thereafter, Wolf and the Bank sought sanctions against Heerey for frivolous pleading pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611). Wolf and the Bank now appeal from the dismissal of their motion.

We affirm.

Although our opinion in *Heerey v. Berke* sets out, in detail, the facts which also underlie dismissal of the motion for sanctions, we briefly repeat the relevant background. Heerey is the owner of property at 1159 North State Street in Chicago. Adjacent properties at 1163, 1165, and 1167 North State Street (Berke-Wolf properties) are held in a land trust with the Bank of Ravenswood as trustee. Wolf and Benitta Berke, his niece, enjoy beneficial interests in the Berke-Wolf properties. Wolf is the record owner of the parcel at 1165 North State Street. Berke is record owner of the two outer parcels. Both Heerey's property and the Berke-Wolf properties lie within the private use zone governed by the Lake Michigan and Chicago Lakefront Protection Ordinance (Ordinance).

In August 1985, in an apparent attempt to comply with the statutory duty to notify adjacent landowners of contemplated excavation to insure lateral and subjacent support (Ill. Rev. Stat. 1987, ch. 111½, par. 3301) (Adjacent Landowner Excavation Protection Act), Berke requested Heerey's permission, in a letter, to enter Heerey's property. Heerey advised Berke that the letter was inadequate for its intended purpose under the statute. In turn, Berke told Heerey that it would be Heerey's own responsibility to protect his land.

Plans were approved and permits were obtained for the construction of the buildings between January and April 1986 and construction began along the length of the Berke-Wolf properties upon a common foundation. In August, however, at the behest of Heerey, the city's department of inspectional services ordered construction stopped. The permit for the parcel at 1165 North State Street was revoked. Following subsequent redesign of the foundation, construction resumed.

In December, Heerey filed his action, as later amended, against Berke, Wolf, the Bank, the City of Chicago (City), and various parties involved in the construction on the Berke-Wolf properties, including Barry Newdelman, the architect. Against Wolf, Berke, the Bank, and Newdelman, Heerey sought a determination of the actual owner of the lots, an order halting the construction, restoration of the support to his property, and a permanent injunction against further construction. Additionally, Heerey alleged the City had contributed to the damage to his property by permitting the construction without enforcing the requirements in its own municipal permits, seeking injunctions to preclude issuance of permits pending compliance.

Wolf, the Bank, the City, and Newdelman filed motions to dismiss Heerey's amended complaint and, on July 30, 1987, that complaint was dismissed with prejudice. We affirmed that dismissal.

On August 28, 1987, Wolf and the Bank filed the motion for sanctions, as later amended, at issue here. The motion was based on the filing of the complaint and motions for discovery and injunctive relief as well as for an unsuccessful attempt to change venue. The motion also asserted that Wolf and the Bank were never proper parties to the proceeding.

Heerey filed a response to the motion which the trial judge treated as a motion to dismiss the motion for sanctions. The motion for sanctions was dismissed, with prejudice, as against Wolf and the Bank. The trial judge specifically declined to decide whether sanctions might be proper regarding allegations made against Newdelman. This appeal followed.

Essentially, Wolf and the Bank contend dismissal of the motion was improper because Heerey could not claim the status of an adjacent landowner to all of the Berke-Wolf properties to thereby justify his allegations. Further, they contend Heerey's motion to change venue, following dismissal of his initial complaint, was merely an attempt to have the matter heard by a trial judge who would view his allegations more favorably.

■ Section 2—611 requires, in part, that pleadings and motions be "well grounded in fact" and "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—611.) A pleading or motion is not well grounded in fact if the allegations contained therein were false and no reasonable cause existed to believe the allegations were true when made. (*Peoples Gas Light & Coke Co. v. Black Steer Provision Co.* (1985), 131 Ill. App. 3d 387, 475 N.E.2d 1012.) Such papers are not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law if no support can be found for the assertions made therein. See *Davis v. Chicago Housing Authority* (1988), 176 Ill. App. 3d 976, 531 N.E.2d 1918. Whether sanctions should be imposed under section 2—611 is a matter lying within the trial judge's discretion, and the determination made cannot be reversed on appeal absent a showing of an abuse of that discretion. *In re Marriage of Hartian* (1988), 172 Ill. App. 3d 440, 526 N.E.2d 1104, *appeal denied* (1988), 123 Ill. 2d 558, 535 N.E.2d 401.

■ We cannot conclude the trial judge abused his discretion in determining that, although ultimately unsuccessful, the means by which Heerey attempted to challenge construction on the Berke-Wolf properties did not warrant sanctions under section 2—611. Heerey's complaint, as it relates to Wolf, holder of a beneficial interest in the Berke-Wolf properties, and the Bank, as trustee, was based, in general, on alleged violations of the Adjacent Landowner Excavation Protection Act and the Ordinance in the construction on the properties. Specifically, regarding basis for the allegations respecting the Adjacent Landowner Excavation Protection Act, we note that although Wolf was the record owner of only the middle parcel, not the parcel immediately adjacent to Heerey's property, the Berke-Wolf properties shared a common foundation. Further, a basis would seem to have existed for proper challenge to the construction as allegedly violating the Ordinance and other municipal code provisions to the extent his property was within 1,200 feet of that construction. (See Ill. Rev. Stat. 1985, ch. 24, par. 11—13—15.) Nor do we find reason to determine Heerey's unsuccessful petition for a change of venue should af-

fect the conclusion that sanctions were not warranted. The record indicates Heerey based that petition, in part, on an argument that he was prejudiced because he had not been afforded an opportunity to fully argue a motion for injunctive relief.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.