Gale W. Mull, Thomas E. Maddox, Jr., Atlanta, Ga., for plaintiff-appellant.

Noah J. Stone, Atlanta, Ga., for Bishop Bros. Auto Auction, Inc.

Before GOLDBERG, CHARLES CLARK and THOMAS A. CLARK, Circuit Judges:

THOMAS A. CLARK, Circuit Judge:

The district court granted summary judgment for the defendant-appellee, Bishop Brothers Auto Auction, Inc., holding that "[t]he mileage was unknown to the defendant and, under the semantic double speak of 15 U.S.C. § 1988, Bishop Brothers could not disclose the mileage as 'unknown.'" Believing that Congress did not intend for an automobile seller to misrepresent the mileage to a buyer if the seller knew, *or had reason to know*, that the mileage could be that registered on the odometer plus the 100,000 at the time of his disclosure, we reverse. The trial court did not have before it our decision in *Nieto v. Pence*, 578 F.2d 640 (5th Cir. 1978), where we held that constructive knowledge that the odometer reading is less than the actual mileage is sufficient to make a transferor of an automobile civilly liable for failure to disclose that a vehicle's actual mileage is unknown. *See also Bolton v. Tyler Lincoln-Mercury, Inc.*, 587 F.2d 796 (5th Cir. 1979).

The affidavits in this case reflect that in August 1976 plaintiff purchased a 1968

---

**Jerry Cecil LEACH, Plaintiff-Appellant,**

v.

**BISHOP BROTHERS AUTO AUCTION, INC., Defendant-Appellee.**

**No. 78–1773.**

United States Court of Appeals,
Fifth Circuit.

Aug. 14, 1980.

Mercedes Benz automobile from the defendant Bishop and was furnished an odometer statement which showed the mileage as 34,194. Ten days previously Bishop had purchased the automobile at which time he was advised by the seller in that transaction that "although the previous owner had executed an odometer disclosure form indicating that the odometer reading was 33,796 miles, it was my understanding that the car more than likely had 134,177 actual miles." Thus, it would appear that the defendant Bishop prior to selling the automobile to the plaintiff was put on constructive notice that the vehicle in question, which had an age of eight years, probably had an incorrect odometer reading. Under such circumstances and under our holding in *Nieto*, we hold that the defendant dealer had an obligation to indicate to the purchaser that the odometer reading was unknown rather than filling in the form as it did. Since this case went off on summary judgment, we remand the case for the court to give the defendant an opportunity, if it wishes, to have a trial on the merits for the benefit of a ruling by the trial court in accordance with our views.

REVERSED AND REMANDED