**Brenda Lee SUITS, Plaintiff-Appellant,**

v.

**LITTLE MOTOR COMPANY,
Defendant-Appellee.**

No. 79–3488.

United States Court of Appeals,
Fifth Circuit.
Unit B

April 17, 1981.

---

Bowen, Derrickson, Bowen, Derrickson, Goldberg & West, Ralph Goldberg, Atlanta, Ga., for plaintiff-appellant.

Cobb & Bell, L. Paul Cobb, Jr., Atlanta, Ga., for defendant-appellee.

Before TUTTLE, TJOFLAT and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

The question posed here is whether, under the Motor Vehicle Information and Cost Savings Act [the Act],[1] the sale of a car by a transferor who knows that the odometer has "turned over," i. e., recorded 99,999 miles and returned to 0, and fails to so indicate, manifests an intent to defraud. We hold that it does and that the transferor is therefore liable under the Act.

Appellant Brenda Lee Suits bought a car from appellee Little Motor Company [Little Motor] on June 14, 1977. The vehicle's odometer showed 73 miles. Little Motor had purchased the vehicle some ten days earlier from Leiphart Chevrolet, at which time Leiphart had provided Donald Little, Little Motor's owner, with a mileage disclosure form warranting the mileage as 100,-073 miles. Little, following his customary practice, arranged to have these papers mailed to him and immediately placed the car on his lot for sale. When Suits purchased it, the papers had not yet arrived.[2] In purported compliance with the Act, Little provided Suits with a mileage disclosure form completed as follows:

> I, Little Motor, state that the odometer mileage indicated on the vehicle described below is *Unknown* miles.

In addition he checked:

> I further state that the actual mileage differs from the odometer reading for reasons other than odometer calibration error and that the actual mileage is unknown.

Suits subsequently sued, claiming that Little Motor had violated the disclosure provisions of the Act,[3] and moved for summary judgment. The magistrate specifically found that Little Motor had intended to defraud and recommended judgment for Suits. The district court, however, concluding that a genuine issue of material fact existed, rejected the recommendation. Trial ensued. Ruling that a conflict in substantial evidence existed on the question of Little Motor's intent to defraud, a prerequisite to the imposition of civil liability under the Act,[4] the court denied Suits' motions for a directed verdict, and, after an unfavora-

---

1. 15 U.S.C. § 1981 *et seq.*

2. This was the explanation Little gave at trial for failing to disclose to Suits mileage of 100,-073. He also testified that he was not sure that the papers ever arrived. However, in opposing Suits' motion for summary judgment before the magistrate, Little gave a sworn statement that he had misplaced the mileage disclosure form he had obtained from Leiphart at the time Suits purchased the car.

3. Suits also alleged truth-in-lending violations under 15 U.S.C. § 1640, allegations on which she ultimately prevailed and which are not appealed.

4. *Tinker v. DeMaria Porsche-Audi, Inc.*, 632 F.2d 520 (5th Cir. 1980); *Pepp v. Superior Pontiac GMC, Inc.*, 412 F.Supp. 1053 (E.D.La.1976).

ble jury verdict, for judgment notwithstanding the verdict. Because we determine that there was not substantial evidence favoring Little Motor on this issue, *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc), we conclude that the court erred in denying Suits' motions. Consequently, we reverse.

15 U.S.C. § 1988(a) requires:

any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

(1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

Such rules shall prescribe the manner in which the information shall be disclosed under this section and in which such information shall be retained.

Section 1988(b) further provides:

(b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules.

This circuit has ruled on a transferor's obligations under the Act where the transferor has constructive knowledge that actual mileage exceeds recorded mileage, *Nieto v. Pence*, 578 F.2d 640 (5th Cir. 1978);[5]

*Leach v. Bishop Brothers Auto Auction*, 624 F.2d 34 (5th Cir. 1980). Appellee here urges that the latter case, holding that a transferor who has received notice that the car's odometer has probably turned over has an obligation to indicate to the purchaser that mileage is unknown, controls and compels affirmance. We disagree. A pivotal factual difference distinguishes this case. In *Leach*, Bishop Brothers had provided Leach with an odometer disclosure form indicating mileage of 34,194 miles despite the fact that ten days earlier when Bishop purchased the car, he was advised by that seller that " 'although the previous owner had executed an odometer disclosure form indicating that the odometer reading was 33,796 miles, it was my understanding that the car more than likely had 134,177 actual miles.' " 624 F.2d at 35. Thus, a transferor two steps removed in the chain of ownership had indicated to Bishop that the odometer had *probably* turned over. In contrast, here Leiphart gave Little Motor a disclosure form *certifying* actual mileage of 100,073, and Donald Little testified at trial that at the time he sold the car to Suits, he knew that the odometer had turned over.[6] Little may not therefore escape liability by claiming compliance with the duty articulated in *Leach*, a duty that did not pertain to a transfer with actual knowledge that the odometer had turned over.

While these facts sufficiently evidence fraudulent intent under § 1989(a),[7] Little's

---

**5.** In *Nieto* we held that such transferor, where he does not know actual mileage, must indicate that actual mileage is unknown.

**6.** Little's stated reason for failing to disclose this fact was that the buyer of a ten-year-old car with an odometer reading of 73 miles knows the odometer has turned over. This does not necessarily follow even though Little checked the statement indicating that odometer calibration error was not responsible for the disparity between actual mileage and the odometer reading. A buyer provided such disclosure might conclude that the seller was unsure as to whether the odometer had turned over or had been turned back. Since, in the latter case, it could have been turned back, for example, from 10,073 to 73 miles, this would still leave a wide range in the beliefs the buyer could form as to the vehicle's actual mileage.

(In the more typical case, where the odometer reading showed a larger figure, the buyer might conclude that the seller was uncertain as to whether the odometer had been turned back, had turned over, or showed actual (though unusually low) mileage.)

**7.** Section 1989(a) provides:

(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

business practices buttress the conclusion [8] that Little intended to defraud. The car dealer's common practice, as he testified, was to sell the car prior to receiving the papers and thus indicate that the vehicle's true mileage was unknown. Obvious steps would have assured his possession of the previous transferor's mileage disclosure form at the time he sold a car: he could have physically taken the disclosure form with him along with the car at the time of purchase, instead of arranging to have the statement mailed, or he could have waited to place the car for sale until the papers arrived by mail. Either course would have precluded an excuse for failing to provide potential customers accurate information. In our judgment Congress did not intend the Act to allow car dealers to operate in the manner Little did; such behavior manifests a clear intent to defraud. Consequently, viewing the evidence in the light most favorable to appellee, we believe that "the facts and inferences point[ed] so strongly in favor" of appellant that reasonable men and women could not have found against her. *Boeing Co. v. Shipman*, 411 F.2d at 374. The court below thus erred in denying Suits' motions.

In a thorough and well-reasoned opinion, *Ryan v. Edwards*, 592 F.2d 756 (4th Cir. 1979), the Fourth Circuit confronted the precise situation before us: a transferor with actual knowledge that the odometer had "turned over" indicated mileage as unknown. The court held:

> When a transferor who knows that an odometer has "turned over" merely records the numbers appearing on the odometer and certifies that the true mileage is unknown, the consumer is not simply deprived of accurate mileage information; he is actually misled by the form itself. We cannot believe that Congress intended to enact a statute requiring that consumers be given false or misleading information.[9] (footnote supplied)

592 F.2d at 760. We agree with this reasoning. Therefore, we hold, as did the Fourth Circuit,[10] that where as here a transferor has actual notice that the odometer has turned over after registering 99,999 miles, he must disclose that actual mileage is 100,000 miles plus the figure shown on the odometer.[11] Because Little knew actual mileage was 100,073 miles and did not so indicate, as a matter of law he evidenced an intent to defraud.

Accordingly, the judgment is REVERSED and the case is REMANDED for a determination of damages and the award of costs and attorney fees.[12]

---

**8.** Fraudulent intent to defraud may be inferred. *Pepp v. Superior Pontiac GMC, Inc.*

**9.** The *Ryan* court stated that "any other application of § 1988" to the case of an odometer turning over is absurd and noted:
> [A]lthough a literal reading of § 1988(a) could *require* the transferor to state that the actual mileage is unknown when he knows that the true mileage exceeds the figures appearing on the odometer by 100,000 miles, "[f]orcing him to state that the actual mileage is 'unknown' ... would require him to violate § 1988(b), which makes it unlawful 'to knowingly give ... a false statement to the transferee in making any disclosure ...'"
(quoting *Rider Oldsmobile, Inc. v. Wright*, 415 F.Supp. 258, 263 (M.D.Pa.1976); emphasis in original).
592 F.2d at 761, n.7.

**10.** The *Ryan* court also stated:
> The requirement imposed by § 1988(a) is simple. Every person purchasing a car must be given a written statement of the vehicle's mileage if it is known.
592 F.2d at 760.

**11.** At trial Little testified that one of his reasons for failing to indicate that actual mileage equaled 100,073 miles was the possibility that the vehicle's odometer had turned over more than once and, therefore, that actual mileage was 200,073 or 300,073 miles. In the event that a transferor knows that an odometer has turned over once and has reason to believe it has turned over more than once, he should indicate that actual mileage is unknown but a minimum of 100,000 miles plus the figure shown by the odometer. Since Little had no reason to believe that the odometer had turned over more than once, however, this requirement would not apply in the instant case.

**12.** Section 1989(a) sets out the standards to be applied relating to damages, costs, and attorney fees. *See* footnote 7 *supra*.