Harley T. DALTON and Ruthella D. Dalton t/a Dalton's Market, Appellants,

v.

UNITED STATES, United States Department of Agriculture Food and Nutrition Service, Appellees.

No. 85–2133.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 12, 1986.

Decided April 23, 1987.

Connie Louise Edwards, Blackstone, Va. (Kennon C. Walden, Jr.; Walden & Walden, P.C. on brief) for appellants.

Aaron B. Kahn, Office of the General Counsel, U.S. Dept. of Agriculture, Washington, D.C. (Henry E. Hudson, U.S. Atty.; Debra J. Prillaman, Asst. U.S. Atty.; Richmond, Va., James Michael Kelly, Associate General Counsel; Raymond W. Fullerton, Asst. General Counsel, Washington, D.C., on brief) for appellees.

Before WINTER, Chief Judge, RUSSELL, and WIDENER, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The plaintiff/appellants are the operators of a retail grocery store near Blackstone, Virginia. They were approved participants in the Federal Food Stamp Program, established under 7 U.S.C. §§ 2011 et seq., the administration of which has been committed to the Secretary of Agriculture, 7 U.S.C. § 2012(l). Under the program a participating retail store such as that of the plaintiffs may accept in payment for *eligible* food purchases food stamps issued under the program at the full face value. The acceptance of stamps in payment for *ineligible* items, on the other hand, constitutes a violation of the Act and any store found to have so violated the Act "may" be disqualified from further participation under the program, subject to the power of the Secretary to substitute a civil money penalty for disqualification, if the Secretary determines on findings, as specified in the regulations to be issued by the Secretary, that a disqualification will "cause hardship to food stamp households."[1] The period of disqualification upon the first occasion of disqualification is for a period of no less than six months nor more than five years, and upon the second occasion of disqualification for a period of

no less than twelve months nor more than ten years.[2] In both instances, however, the statute provides, as we have indicated, that a civil penalty may be substituted for the disqualification if the Secretary, or his designated appointee, determines under procedures prescribed in his Regulations that such disqualification would cause hardship to food stamp households. Section 2021(a). In C.F.R. § 278.6(f), the Regulations of the Department set forth the criteria to be considered by the Secretary in exercising his discretion whether to impose a civil penalty rather than a disqualification for a violation. This language is:

(f) *Criteria for civil money penalty.* FNS may impose a civil money penalty as a sanction in lieu of disqualification only when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to food stamp households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices. FNS may disqualify a store which meets the criteria for a civil money penalty if the store had previously been assigned a sanction. A civil money penalty may not be imposed in lieu of a permanent disqualification.

The plaintiffs had been cited in 1980 for violation of the Act. In lieu of imposing a disqualification, the Department found, at that time that both under the statute and under the criteria stated in the Regulations a civil money penalty was appropriate in lieu of a disqualification. In 1984 the plaintiffs were cited a second time for violations of the Act. After investigating this second violation, the Officer in Charge of the Field Office recommended that the plaintiffs "be

---

1. The precise statutory language on the imposition of a civil money penalty for a disqualification is:

Any approved retail food store or wholesale food concern may be disqualified for a specified period of time from further participation in the food stamp program, or subjected to a civil money penalty of up to $10,000 for each violation if the Secretary determines that its disqualification would cause hardship to food stamp households, on a finding, made as spec-

ified in the regulations, that such store or concern has violated any of the provisions of this chapter or the regulations issued pursuant to this chapter. 7 U.S.C. § 2021(a).

The Act provides for both administrative and judicial review of any disqualification or any action subjected to any civil money penalty in lieu of disqualification. 7 U.S.C. § 2023.

2. There is a third provision of disqualification but it is irrelevant to this controversy.

assessed a civil money penalty in lieu of a ten year disqualification" for the violation found. The Unit Supervisor, reviewing this recommendation of the Field Office, noted that the "OIC [Field Office] feels that a CMP [civil money penalty] is warranted." However, in accordance with the memorandum of Virgil L. Conrad, Deputy Administrator for Family Nutrition Program dated February 10, 1983, it held that a civil money penalty *may not* be imposed in a second sanction case if the new sanction is greater than a one year disqualification. In the memorandum of Mr. Conrad, attached to this determination of the Unit Supervisor, it is stated

> A civil money penalty *may not* be imposed in a second sanction case if the new sanction is greater than a 1-year disqualification. (Emphasis added)

On plaintiffs' application for administrative review under 7 U.S.C. § 2023, the Administrative Review Officer dismissed the application, stating

> A civil money penalty in lieu of a period of disqualification *may not* be imposed for a second sanction where the new sanction is greater than a 1-year disqualification. As this is a 5-year disqualification, a civil money penalty is *not allowed.* (Emphasis added)

After this final administrative decision,[3] the plaintiffs filed their complaint for judicial review of the determination that disqualification was mandated and that the discretion to substitute a civil money penalty was not allowable in a second violation of the Act. The district judge sustained the action of the Department, holding that the memorandum of Mr. Conrad was a correct statement of the Department's power under section 2021. The plaintiffs seek review of that determination. We reverse and remand the proceedings to the Secretary for a proper hearing and determination as prescribed by Departmental Regulations on plaintiffs' application for discretionary relief by way of substituting a civil money penalty for a disqualification.

It is manifest that both the Department and the district court assumed on the basis of Mr. Conrad's memorandum that the Department was without any authority to consider or grant the plaintiffs' request for the substitution of a civil money penalty in lieu of a disqualification as a penalty for their second violation of the Act. In effect, they held that the Department was foreclosed from exercising any discretion to consider a civil money penalty in this case and they so ruled because of Mr. Conrad's memorandum which they found validly binding. Both erred in such ruling.

■ The statute under which the Department acted in reviewing the plaintiffs' violation expressly conferred on the Department a discretion to substitute in this case a civil money penalty for a disqualification. Section 2021 used the term *"may"* in providing for the exercise of a discretion to substitute a civil penalty in such a case. "May" in a statute dealing with agency power normally confers a discretionary power, not a mandatory power, unless the legislative intent, as evidenced by the legislative history, evidences a contrary purpose. *United Hospital Center, Inc. v. Richardson,* 757 F.2d 1445, 1453 (4th Cir. 1985). The 1982 Amendments of the Act, though intended to make more stringent the penalties for violation of the Act, did not purport to disturb or weaken the authority of the Department to exercise the discretionary power to substitute a civil money penalty for a disqualification. In fact, the Committee Report on the Budget Reconciliation Act, expressly stated a contrary purpose:

> In nontrafficking cases, the Committee would expect the Secretary to continue the current policy of imposing civil penalties instead of disqualification in the case of stores where alternative retail sources are not available to recipients.

1982 U.S.Code Cong & Ad.News, vol. 3, pp. 1641, 1701. It is accordingly clear that "may" in this instance has its normal meaning and confers on the Secretary the discretionary power to substitute a civil monetary penalty for disqualification in this case.

---

**3.** *See* 7 U.S.C. § 2023.

■ The Department in this case did not purport to consider and determine the plaintiffs' request for such discretionary relief, even though the statute and the Department regulations plainly provided for a consideration and determination of such an application by a party charged with either a first or a second violation of the Act. As we have noted, it refused expressly to do so on the ground that the memorandum of Mr. Conrad had stripped the Department in this case of the power to exercise such discretionary power. In effect, the Conrad memorandum, as followed and applied by the agency in this case, operated without any reasoned explanation, to delete and to repeal that section of the Act which gave the Department this discretionary power in favor of a first or second violator of the Act. This Conrad memorandum flies in the face of the well-established rule that a Department and certainly a subordinate in the Department such as Mr. Conrad, lacks power even by a regulation adopted after strict compliance with the Administrative Procedure Act, 5 U.S.C. §§ 551, *et seq.* to repeal, modify, or nullify a statute. *National Tour Brokers Ass'n. v. I.C.C.,* 671 F.2d 528, 531 (D.C.Cir.1982) ("[c]learly the rule making power of a federal agency does not encompass the power to make law or to repeal law....") *See also United States v. Doe,* 701 F.2d 819, 823 (9th Cir.1983) ("Where an administrative regulation conflicts with a statute, the statute controls"); *Bates v. United States,* 581 F.2d 575, 579 (6th Cir.1978) ("Nor may a regulation be used to alter or amend a statute by prescribing requirements which are inconsistent with its language.")

After all, the power of a Department to issue regulations extends only to the power to promulgate rules and regulations that carry into effect the will of Congress as expressed in the statute, *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 212–14, 96 S.Ct. 1375, 1390–91, 47 L.Ed.2d 668 (1976), and every regulation and rule must be consistent with the terms and provisions of the statute, *United States v. Larionoff,* 431 U.S. 864, 873, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48 (1977); it does not comprehend the power to modify or repeal the clear intent of the Congress.

Moreover, the Department itself had recognized that it had this discretionary power and by a specific Regulation had provided the manner in which a violator of the Act might exercise his right to seek a civil money penalty rather than a disqualification, including the matters to be raised by the violator in his petition for such discretionary relief. 7 C.F.R. § 278.6(f). Without any public notice or compliance with the Administrative Procedure Act and without any reasoned explanation the Conrad memorandum, issued by a subordinate of the Department, would nullify this Regulation, adopted in conformity with law. However, again, any Department may modify or repeal a regulation *only* if the change is supported by a reasoned explanation and is within the enabling statute. This rule has been expressly held by the Supreme Court and applied consistently in circuit courts. *Motor Vehicle Mfrs. Assn. v. State Farm Mut.,* 463 U.S. 29, 41, 103 S.Ct. 2856, 2865–66, 77 L.Ed.2d 443 (1983) ("rescission or modification of an occupant-protection standard regulation is subject to the same test" and procedure as the original promulgation); *Sierra Club v. Clark,* 755 F.2d 608, 619 (8th Cir.1985) ("an agency changing its course by rescinding a rule is obligated to supply a reasoned analysis for the change beyond that which may be required when an agency does not act in the first instance" (quoting *Motor Vehicle Mfrs. Assn. v. State Farm,* 463 U.S. at 42, 103 S.Ct. at 2866)); *St. James Hosp. v. Heckler,* 760 F.2d 1460, 1472 (7th Cir.1985); *Pavesi v. Dir., Office of Workers' Comp. Program,* 758 F.2d 956, 963 (3d Cir.1985) (Power of an agency to alter or reverse its position is dependent on whether agency gives "a reasoned explanation" for the change); *see also Advanced Micro Devices v. C.A.B.,* 742 F.2d 1520, 1542 (D.C.Cir. 1984). This memorandum on which any consideration of a civil money penalty was prohibited in this case violated both the statute and the validly adopted Regulation of the Department.

The Secretary argues that the memorandum is merely a "guideline" and "general statement [ ] of policy" requiring no action under the Administrative Procedure Act. Whether the memorandum meets the test of a statement of policy exempt from the requirements of the Administrative Procedure Act is determined by the answer to the question whether the administrator under the guideline retains the freedom "to exercise his informed discretion in the situations that arise." *Batterton v. Marshall,* 648 F.2d 694, 706–07 (D.C.Cir.1980). Under the Conrad memorandum, the reviewing officer was denied any right to exercise the discretionary power to impose a civil money penalty in lieu of a disqualification in a case such as the one under review and such was the opinion of the reviewing officer here. The Conrad memorandum was in effect an attempted regulation which robbed the reviewing officer of that discretion which the statute and the existing properly-adopted regulation had provided for. That memorandum does not qualify as a permissible "general statement of policy" or "guideline," since it mandated a denial of any discretion whatsoever in the reviewing officer. As such it was an invalid and ineffective modification or repeal both of the statute itself and of the Regulations properly adopted by the Department under the Act.

The order of the district court sustaining the order of the Secretary is reversed and the cause is remanded to the district court with directions that the matter be returned to the Secretary for appropriate consideration of whether the plaintiffs should be subjected to a civil money penalty in lieu of a disqualification under the authority given the Secretary by the statute.

REVERSED and REMANDED with INSTRUCTIONS.