MARVIN, Judge.
In this action arising out of the sale of a four-year-old Oldsmobile showing only 26,-000 of the 126,000 actual miles that the car had been driven, the defendant used car seller appeals a judgment awarding the buyer of the car treble damages ($4,500) and attorney fees under the federal Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981-1991.
In three assignments, the seller essentially contends that the trial court erroneously applied the federal statute after stating that it had no jurisdiction and, in any event, that plaintiff did not meet its statutory burden of proof under either federal or state law. Two additional assignments suggest “contradiction” between the trial court’s verbal pronouncements and findings and its written reasons for judgment and “error” in the trial court’s computation of plaintiff’s actual damage.
The issues are primarily factual. We find no clear error in the judgment and affirm. Suits v. Little Motor Co., 642 F.2d 883 (5th Cir.1981)
' FACTS
The defendant is a knowledgeable and experienced used car dealer who purchases wholesale from new car dealers high-mileage automobiles for re-sale. Plaintiff had earlier inquired to defendant about a “nice” used car. At a new car dealership about June 14, 1986, defendant found and purchased for $1,200 the 1982 Olds it sold to plaintiff for $3,500 on June 23.
The record supports the conclusion that defendant and the new car dealer had engaged in similar transactions before and that each was aware that $1,200 was the wholesale price for a 1982 high-mileage Oldsmobile, notwithstanding its otherwise “clean” appearance. Each was aware that the wholesale price of a low-mileage Oldsmobile of the same vintage was two to three times greater than the $1,200 cost of a high-mileage Olds.
The new car dealer was aware of the car’s actual mileage, having recently obtained in trade the car and the odometer statement required by state and federal statutes. The new car dealer and defendant followed their sometimes standard practice signing a blank odometer receipt or mileage statement and a bank draft for the purchase price. When completed, the documents and the draft would be sent through defendant’s bank for payment and eventually to defendant.
The certificate of title, dated July 1, 1986, that was sent to defendant shows that the new car dealer acquired the car June 14 with an odometer reading of 126,-109 miles and re-assigned title to defendant.
After having mechanical work done on the flywheel of the engine of the car to remove a “knock,” defendant offered the car to plaintiff on June 23. Plaintiff drove it for about 15 minutes and inquired at least once about the dirty condition of the motor and four times whether the odometer reading of 26,000 miles was correct. Defendant replied to each inquiry to the *799 effect that “that’s what the odometer says.”
Defendant showed on the June 23 bill of sale to plaintiff that the mileage on the car was only 26,202 miles. Other mechanics performed more than $600 worth of work on the car for plaintiff between July 3 and July 22 and alerted plaintiff to the apparent high mileage on the car. When plaintiff complained, defendant offered to refund the purchase price and to accept return of the car by plaintiff. Plaintiff later received the title and odometer statements showing the true mileage on the car. This action followed.
ASSIGNMENT ONE
Misgivings expressed by the trial court about application of federal law do not constitute a ruling on a jurisdictional issue. The trial court was a court of “competent jurisdiction” under 16 U.S.C. § 1989(b):
... An action to enforce any liability created under subsection (a) of this section may be brought ... in any other court of competent jurisdiction within two years from the date on which the liability arises.
ASSIGNMENT TWO
Plaintiff abandoned the claim for treble damages based on the Louisiana statutes, LRS 51:1401 et seq. The Louisiana statute requires proof that:
1. the Director of the Consumer Protection Agency or the Attorney General has put the defendant on notice of an unfair or deceptive method, act or practice; and
2. the defendant has continued to use the practice, resulting in damages to the plaintiff. LRS 51:1409(A).
Plaintiff agreed in pre-trial discussions with the court and defendant’s counsel that plaintiff could not prove the above quoted predicate.
The pretrial agreement, however, cannot be construed to negate plaintiff’s proof under the federal statute. The trial court correctly concluded that plaintiff did not abandon the treble damage claims asserted in the petition under the federal statute.
ASSIGNMENT THREE
Actual knowledge of the disparity between the odometer and the true mileage is not necessary to establish liability on an experienced used car dealer under the Motor Vehicle Information and Cost Savings Act. Nieto v. Pence, 578 F.2d 640 (5th Cir.1978). There the defendant sold a 10-year-old pickup with an odometer reading of 14,290 miles. The court recited the legislative history of the statute, including a 1976 amendment which added the word “knowingly”:
It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules. 15 U.S.C. § 1988(b).
According to Nieto, the pre-1976 law would have allowed a used car dealer to rely solely on the representations of the previous owner. The court said the term “knowingly” was added to the statute to place an affirmative duty on an experienced auto dealer to mark the odometer statement as “true mileage unknown,” if in the exercise of reasonable care the dealer should have known that the mileage was more than shown on the odometer and more than had been certified to the dealer by the previous owner. The case was remanded to allow the defendant’s liability to be determined:
A transferor may not close his eyes to the truth. If a transferor reasonably should have known that a vehicle’s odometer was incorrect, although he did not know to a certainty the transferee would be defrauded, a court may infer that he understood the risk of such an occurrence. Nieto, supra, at p. 642.
Here the trial court concluded that defendant knew or should have known that the mileage shown on the odometer was not the actual mileage traveled by the four-year-old Oldsmobile. Over defendant’s denial of actual knowledge, the trial court found that the documents executed by the *800 new car dealer transferring the vehicle to defendant showed the true mileage to be more than 126,000 miles. Even if we assume defendant did not see the mileage documents until after the car was sold to plaintiff, the record supports the finding that defendant, an experienced dealer in high mileage used cars, should have known that the mileage on the odometer was probably incorrect when it sold the car about June 23. Business practices similar to defendant’s practice [signing blank transfer and mileage papers] were said to “buttress the conclusion” of intent to defraud a used car buyer. Suits v. Little Motor Co., supra, at p. 886, observed:
The car dealer’s common practice, as he testified, was to sell the car prior to receiving the papers and thus indicate that the vehicle’s true mileage was unknown. Obvious steps would have assured his possession of the previous transferor’s mileage disclosure form at the time he sold the car: he could have physically taken the disclosure form with him along with the car at the time of the purchase, instead of arranging to have the statement mailed, or he could have waited to place the car for sale until the papers arrived by mail. Either course would have precluded an excuse for failing to provide potential customers accurate information. In our judgment Congress did not intend the Act to allow car dealers to operate in the manner Little did; such behavior manifests a clear intent to defraud. The risks of relying on the “blank odometer” procedure described by the defendant should fall on the transferor and not on the purchaser.
15 U.S.C. § 1988 requires that a transferor of a used vehicle make written
(1) Disclosure of the cumulative mileage registered on the odometer.
(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.
(c) No transferee who, for purposes of resale, acquires ownership of a motor vehicle shall accept any written disclosure required by any rule prescribed under this section if such disclosure is incomplete.
15 U.S.C. § 1989 provides:
(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—
(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and
(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.
Defendant’s practice of signing the “incomplete” or blank transfer papers and odometer statement violates 15 U.S.C. § 1988(c).
Moreover, we note that neither the trial court nor the litigants addressed the fact that the defendant violated 15 U.S.C. §§ 1988-89 by failing to make an odometer disclosure to plaintiff.
This automobile was “transferred” under 15 U.S.C. § 1982(5) when the purchase price was paid and the car was accepted by plaintiff about June 23, 1986. The defendant did not furnish any odometer statement to the plaintiff at that time as required by 15 U.S.C. § 1988.
The trial court correctly concluded that defendant violated the provisions of 15 U.S. C. §§ 1988-89 because defendant was an experienced dealer in high-mileage used cars and knew or should have known that the odometer reading was incorrect or misleading. This constitutes intent to defraud under the federal statute. Suits, supra.
ASSIGNMENT FOUR
This appeal is from the judgment, not the reasons therefor, whether orally rendered or written. Caldwell v. Second Judicial District Indigent Defender Board, 475 So.2d 96 (La.App. 2d Cir.1985), writ denied, 477 So.2d 1126 (La.1985).
We factually review the record in the light that most favorably supports the *801 judgment, deferring to the trial court’s discretion to determine credibility, here determined in favor of plaintiff. Feazel v. Feazel, 471 So.2d 851 (La.App. 2d Cir.1985).
Reargument below after the trial was not transcribed and included in the record. The trial court’s written reasons and the judgment after reargument allow us to conclude that the trial court’s credibility assessments and written reasons are essentially correct and that the record supports the judgment.
ASSIGNMENT FIVE
The sales manager of the new car dealer dealt with defendant on the Oldsmobile in 1986 before going into business for himself. He testified that the high-mileage Oldsmobile was worth $1,200 to $1,500 wholesale and its retail value was $1,200 to $1,500 higher, a range of $2,400 to $8,000.
We agree with defendant’s counsel that it is difficult to determine how the trial court reached the $4,500 treble damage award. If the trial court determined $1,500.00 was the actual damage, or the difference between the $3,500 purchase price and a fair market value finding of $2,000, the judgment would not include other damages proved by plaintiff in this record.
Other damages proved by plaintiff for work done on the car after June 23 total more than $600. We do not include in this total the $134 plaintiff paid to Martin’s Auto Electric. Plaintiff did not prove that this expense, incurred four months after the disclosure of the actual mileage on the car, was related to or arose from the high mileage.
Plaintiff’s actual damage should include the difference between the amount paid for the car ($3,500) and the fair market value of the ear ($2,400), or $1,100. Duval v. Midwest Auto City, Inc., 578 F.2d 721 (8th Cir.1978). When the $634 plaintiff spent on repairs attributable to the high mileage is added, plaintiff’s actual damage totals $1,734.70. This amount, when trebled, equals $5,204.10, more than the $4,500 award. Plaintiff has not appealed or answered defendant’s appeal to seek an increase and we do not disturb the $4,500 award. The treble damage award is supported by the record and is affirmed.
Neither litigant complains about the “reasonableness” of the $1,000 attorney fee award.
DECREE
At defendant’s cost, the judgment is AFFIRMED.