**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

NORVIN LEE; BERNITA GARCIA,

Plaintiffs-Appellants,

v.

GALLUP AUTO SALES, INC., doing
business as Friendly Motors; JERRY
EGELAND; MONTANA MINING
INC.,

Defendants-Appellees.

No. 97-2050

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-96-1525 WWD/LCS)

---

Submitted on the briefs:

Richard N. Feferman and Susan Warren, Law Offices of Richard N. Feferman,
Albuquerque, New Mexico, and Richard J. Rubin, Santa Fe, New Mexico, for
Plaintiffs-Appellants.

Thomas J. Hynes, Hynes, Hale & Gurley, Farmington, New Mexico, for
Defendants-Appellees.

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

**BARRETT**, Senior Circuit Judge.

_____

In December 1995, plaintiffs bought a 1985 Chevrolet Blazer from defendant Gallup Auto Sales. The purchase was financed through defendant Montana Mining Co., which, along with Gallup, is owned and operated by defendant Egeland. Not long after the purchase, the Blazer developed serious mechanical problems and ultimately stopped running. Plaintiffs subsequently learned that the Blazer had substantially more miles on it than they had thought, based on defendants' representations. They brought the present action against defendants for fraudulently furnishing them an inaccurate odometer reading, in violation of Subchapter IV of the Vehicle Information and Cost Savings Act, 49 U.S.C. §§ 32701-32711 (formerly 15 U.S.C. §§ 1981-1991) ("Act"). Plaintiffs also asserted various state law claims against defendants.

In reliance on a regulation that exempts vehicles that are ten or more years old from the disclosure requirements of the Act, the district court concluded that plaintiffs failed to state a claim under the Act and dismissed their federal claim. The court also declined to exercise jurisdiction over the remaining state law claims and, therefore, dismissed plaintiffs' complaint in its entirety. Plaintiffs appeal, arguing that the regulation upon which the district court relied is invalid.[1]

_____

[1] After examining the briefs and appellate record, this panel has

(continued...)

As originally enacted in 1972, Subchapter IV of the Act was codified at 15 U.S.C. §§ 1981-1991. The congressional findings were set forth as follows in § 1981:

> The Congress hereby finds that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle; that purchasers are entitled to rely on the odometer reading as an accurate reflection of the mileage actually traveled by the vehicle; that an accurate indication of the mileage traveled by a motor vehicle assists the purchaser in determining its safety and reliability; and that motor vehicles move in the current of interstate and foreign commerce or affect such commerce.

Section 1988(a)-(b), in turn, contained the following pertinent disclosure provisions:

> **(a)  Promulgation of rules**
>
> Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:
>
>> **(1)**  Disclosure of the cumulative mileage registered on the odometer.
>
>> **(2)**  Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

---

[1](...continued)
determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

**(b)  Violations of rules and giving false statements to transferees prohibited**

No transferor shall violate any rule prescribed under this section or give a false statement to a transferee in making any disclosure required by such rule.

Section 1901, which contained general definitions for all four subchapters of the Act, defined a "motor vehicle" as "any vehicle driven or drawn by mechanical power manufactured primarily for use on the public streets, roads, and highways, except any vehicle operated exclusively on a rail or rails."

Pursuant to the directive of § 1988(a), the Secretary of Transportation, through the National Highway Traffic Safety Administration ("NHTSA"), promulgated various regulations concerning the disclosure of odometer information.  At issue here is the regulation relating to exemptions, which provides in pertinent part as follows:  "A transferor or a lessee of any of the following motor vehicles need not disclose the vehicle's odometer mileage: . . . (3)  A vehicle that is ten years old or older . . . ."  49 C.F.R. § 580.6(3).

In 1994, Congress revised Title 49 of the United States Code, relating to Transportation, and, as part of that revision, it repealed 15 U.S.C. §§ 1981-1991 and recodified the provisions at 49 U.S.C. §§ 32701-32711.  Although the recodification included some changes in the wording of the statutory provisions at

issue, Congress intended no substantive change in the law.  See Pub. L. No. 103-272, § 6(a), 108 Stat. 745, 1378 (1994); H.R. Rep. No. 103-180, at 5 (1994), reprinted in 1994 U.S.C.C.A.N. 818, 822.  Likewise, subsequent amendments to the disclosure requirements contained in 49 U.S.C. § 32705 that were made in 1996 effected no substantive change.  See Pub. L. No. 104-287, § 9(a), 110 Stat. 3388, 3400 (1996).

## II.

Plaintiffs contend that the regulatory exemption for cars ten or more years old is invalid because the Secretary lacked authority under the Act to promulgate the exemption, the exemption is contrary to the purpose of the Act, and the agency findings underlying the exemption directly contradict the congressional findings set forth in the Act.  Although plaintiff raised these challenges in the district court, that court did not address them.  The court impliedly rejected the arguments, however, when it relied upon the regulatory exemption to dismiss plaintiffs' claim.

"The rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law.  Rather, it is the power to adopt regulations to carry into effect the will of Congress as expressed by the statute."  Mabry v. State Bd. of Community Colleges & Occupational Educ., 813 F.2d 311, 315 (10th Cir. 1987) (quotation omitted).

-5-

Although we generally defer to an agency's interpretation of a statute that it administers, we do so only when "the statute is silent or ambiguous with respect to the specific issue." Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 (1984). Moreover, "[a] precondition to deference under Chevron, is a congressional delegation of administrative authority." Adams Fruit Co. v. Barrett, 494 U.S. 638, 649 (1990). Therefore, we must first consider whether the Act grants authority to the Secretary to exempt transfers of ten-year-old vehicles from the disclosure requirements of the Act.

In Orca Bay Seafoods v. Northwest Truck Sales, Inc., 32 F.3d 433 (9th Cir. 1994), the Ninth Circuit considered the validity of another portion of the exemption regulation at issue here: the subsection exempting transferors of large trucks from the disclosure requirements, see 49 C.F.R. § 580.6(1). Looking at the plain language of the statute, as set forth in Title 15 of the United States Code, the court concluded that the Act did not authorize the Secretary to create the exemption. Orca Bay Seafoods, 32 F.3d at 434-35. "Congress told the secretary to require odometer disclosure for 'any' transferor of a 'motor vehicle.' The word 'any' and the comprehensive definition of 'motor vehicle' rebuts the suggestion that transferors of large trucks may be exempted." Id. at 435. The court noted that, even if the Secretary had a rational basis for exempting large trucks from the disclosure requirements, "rationality is not enough. The Secretary

needed authority.  The large truck regulation must fall because Congress did not delegate to the Secretary of Transportation the power to exempt large trucks."  Id. at 436.  Accord, Davis v. Dils Motor Co., 566 F. Supp. 1360, 1362-63 (S.D.W.Va. 1983) (holding regulatory exemption for large trucks void); Lair v. Lewis Serv. Ctr., Inc., 428 F. Supp. 778, 780-81 (D. Neb. 1977) (same).

Recently, the Seventh Circuit considered the validity of the exemption for vehicles ten or more years old.  The court began its analysis by noting that "the text of the Act [as codified in Title 49 of the United States Code] does not, either explicitly or implicitly, exempt any class of motor vehicles from its odometer disclosure requirements."  Diersen v. Chicago Car Exch., 110 F.3d 481, 485 (7th Cir.), cert. denied, 118 S. Ct. 178 (1997).  The court further noted that the broad definition of "motor vehicle" contained in the Act does not "provide a basis for the exemption promulgated by the NHTSA."  Id.  Moreover, the regulatory authority given the Secretary by the language of the Act extends only to procedural matters, e.g., "the way in which information is disclosed and retained," 49 U.S.C. § 32705(a).  See Diersen, 110 F.3d at 485-86.  The court also observed that there was nothing in the Act's statement of purpose, see 49 U.S.C. § 32701(b)(1),(2), "to suggest that purchasers of older vehicles are less deserving of protection than consumers who buy newer vehicles."  Diersen, 110 F.3d at 486.

"Because the text of the Odometer Act does not even suggest -- much less explicitly state -- a legislative intent to exempt entire classes of vehicles from the disclosure requirements of the Act," the court held that the regulation exempting vehicles ten or more years old from the Act is invalid, and that the district court erred in relying on it to grant judgment to the defendant seller. Id. at 486.

> [T]he NHTSA does *not*, without statutory authority, have jurisdiction to tell victims of odometer fraud that they are without a remedy if the car they purchased was ten or more years old. This effectively removes a cause of action that Congress has unambiguously provided to *all* victims of odometer fraud, regardless of the age of vehicle being purchased. . . . [T]he regulation issued by the NHTSA, in effect, repeals a portion of the statute. There may be good policy reasons for exempting older vehicles from the requirements of the Act, but that determination is legislative in nature and is properly made by Congress, and not by regulatory fiat.

Id. at 487 (footnote omitted). See also Dalton v. United States, 816 F.2d 971, 974 (4th Cir. 1987) (stating that an agency's power to issue regulations "does not comprehend the power to modify or repeal the clear intent of Congress").

We agree with the reasoning of Diersen and Orca Bay Seafoods, and conclude that the Act does not authorize the Secretary to make an exception to the disclosure requirements for transferors of vehicles that are ten or more years old. Therefore, we hold that the exemption contained in 49 C.F.R. § 580.6 is invalid,

and that the district court erred in relying on it to dismiss plaintiffs' federal claim.[2]

## III.

Our holding on the validity of the exemption does not end the inquiry, however. Defendants contend that we should uphold the district court's dismissal of plaintiffs' claim, even if the regulatory exemption is invalid, because plaintiffs otherwise failed to state a claim for relief. We will uphold a district court's dismissal for failure to state a claim "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." Yoder v. Honeywell Inc., 104 F.3d 1215, 1224 (10th Cir.) (quotation and citation omitted), cert. denied, 118 S. Ct. 55 (1997).

Plaintiffs alleged in their complaint as follows. Defendants Gallup Auto Sales and Egeland purchased the Chevrolet Blazer at issue in May 1995 from Dennis Brown. Mr. Brown certified on the title that the odometer read 67,262 miles, but he also checked the box indicating that the actual mileage exceeded the

---

[2] Because we conclude that the Secretary did not have authority to promulgate the regulation at issue, we do not address plaintiffs' other challenges to the regulation.

odometer's mechanical limits.[3]  Later that month, defendants sold the Blazer to Eleanor Arthur, certifying that the mileage on the odometer was 67,262, but that the actual mileage exceeded the odometer's mechanical limits.  In November 1995, Ms. Arthur sold the Blazer back to defendants.  Defendants then sold the Blazer to plaintiffs in December 1995.  When plaintiffs purchased the vehicle, neither the speedometer nor the odometer worked.  The purchase order they received at the time indicated that the mileage on the Blazer was 67,262.

In January 1996, defendants filled out a title and registration application for the Blazer, on which they certified that the mileage on the odometer was 67,262.  Defendants also checked the box that said:  "WARNING!  NOT THE ACTUAL MILEAGE ODOMETER DISCREPANCY."  Appellants' App. at 13.  Defendants did not check the box that said:  "MILEAGE IN EXCESS OF MECHANICAL LIMITS."  Id.

Defendants contend that their statements on the title application were not false and, therefore, that they did not violate the Act.  Specifically, defendants argue that, because the odometer was not working when plaintiffs purchased the Blazer in December 1995 and apparently had not been working during Ms. Arthur's ownership, as evidenced by the fact that it registered the same number of

---

[3]    In other words, the odometer had rolled over upon reaching 99,999 miles, and now read 67,262 miles, though the actual mileage was 167,262.

-10-

miles when she bought it in May as it did when she sold it back in November, they properly listed the actual miles as "unknown," rather than as "in excess of mechanical limits," on the title application.[4]

This circuit has not had occasion to consider the disclosure requirements of the Act as they relate to the transferor of a vehicle on which the odometer has rolled over, and we need not do so here. We note, however, that at least two other circuits have addressed this issue, and their cases support plaintiffs' claim that defendants should have disclosed to them that the mileage on the Blazer was at least 167,262. See Suits v. Little Motor Co., 642 F.2d 883, 886 (5th Cir. 1981) ("[W]here as here a transferor has actual notice that the odometer has turned over after registering 99,999 miles, he must disclose that actual mileage is 100,000 miles plus the figure shown on the odometer."); Ryan v. Edwards, 592 F.2d 756, 760-61 (4th Cir. 1979) (same).

Likewise, cases from at least two circuits support plaintiffs' argument that defendants may be liable under the Act because their initial disclosure to plaintiffs, on the purchase order, was inaccurate and misleading. See Hughes v. Box, 814 F.2d 498, 502 (8th Cir. 1987) ("Given the broad purpose of the Act to protect motor vehicle purchasers from inaccurate mileage representations by

---

[4]     Both the Act and the regulations require that an accurate odometer statement be given by the transferor in connection with the titling and licensing of a vehicle. See 49 U.S.C. § 32705(b); 49 C.F.R. § 580.5.

sellers, a transferor should, at the very least, have some duty to specifically and unambiguously alert the transferee to the fact that the transferor's initial representation of the vehicle's mileage was incorrect, and to make clear the vehicle's actual mileage."); Ryan, 592 F.2d at 761 (holding that, when a transferor makes contradictory statements about the mileage of a vehicle, he will not be insulated from liability under the statute simply by "completing the odometer mileage statement correctly").

While we express no opinion as to the correctness of the holdings of our sister circuits, we recognize that their cases would give rise to a cause of action based on the facts alleged here. Therefore, we cannot say that plaintiffs can prove no set of facts in support of their claim that would entitle them to relief under the Act.

In conclusion, the district court erred in dismissing plaintiffs' federal claim based on the regulatory exemption contained in 49 C.F.R. § 580.6, and defendants have not demonstrated that an alternative basis exists upon which to uphold the district court's dismissal under Fed. R. Civ. P. 12(b)(6). Therefore, we must REVERSE the judgment, and REMAND the case for further proceedings consistent with this opinion.